IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LEVERT LYONS | § | |
| | § | |
| Plaintiff, | § | Civil Action No. __________ |
| | § | |
| v. | § | |
| | § | |
| NIKE, Inc. | § | Jury Trial Requested |
| | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff LEVERT LYONS ("Lyons") alleges the following in support of its complaint for patent infringement against Defendant Nike, Inc. ("Nike"):

**PARTIES**

1. Plaintiff Lyons is an individual residing in Detroit, Michigan.

2. Defendant Nike is a foreign for-profit corporation organized under the laws of the State of Oregon, having an office and place of business at One Bowerman Drive, Beaverton, OR 97005, and which is doing business and infringing Lyons' patent in the Eastern District of Texas and elsewhere in the United States. Nike may be served with process by and through its agent for service, to wit: National Registered Agents, Inc., 16055 Space Center, Ste. 235,Houston, TX 77062.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on the Court pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

4. Nike has transacted business and committed acts of infringement within the State of Texas and, more particularly, within this District, and are subject to the personal jurisdiction of this Court.

5. Nike has offered for sale, used, imported, and sold footwear in this District.

6. Nike resides in this District for purposes of venue, insofar as they are subject to personal jurisdiction in this district, have committed acts of infringement in this District, have sales representatives that solicit business in this District, provide services in or to this District, encourage others to participate infringing methods in this District, and conduct other business in this District.

7. The Court has personal jurisdiction over Nike because Nike has established minimum contacts with the forum and the exercise of personal jurisdiction over Nike would not offend traditional notions of fair play and substantial justice.

## **GENERAL ALLEGATIONS**

8. Lyons owns intellectual property relating to certain athletic shoes with compression indicators and replaceable spring cassettes. Lyons has expended considerable resources in inventing and developing his inventions and protecting his rights therein.

9. Lyons holds all rights, title, and interest in and to United States Patent No.5,513,448, entitled "Athletic shoe with compression indicators and replaceable spring cassette" ("448 patent"), which was duly and properly issued by the United States Patent & Trademark Office ("USPTO") on May 7, 1996 in the name of Levert Lyons. A copy of the '448 patent is attached as Exhibit A. The '448 patent is in full force and effect. Lyons is the legal owner of the '448 patent and possesses all rights of recovery under the patent.

**COUNT 1**

**Infringement of U.S. Patent 5,513,448**

10. Lyons incorporates paragraphs 1-9 as though fully restated herein.

11. Lyons owns intellectual property relating to athletic shoes with compression indicators and replaceable spring cassettes covered by the '448 patent and teaches and encourages customers to use the methods covered by the '448 patent.

12. Nike is a direct competitor of Lyons.

13. Nike imports, distributes, makes, uses, offers to sell and / or sells infringing products ("Accused Products") and encourages others to practice infringing methods that compete in the marketplace with products and methods embodying the '448 patent.

14. Nike imports, distributes, makes, uses, offers to sell and / or sells infringing products without authority or license from Lyons.

15. Nike imports, distributes, makes, uses, offers to sell and / or sells infringing products and encourages others to practice infringing methods in this District and elsewhere in the United States.

16. Nike's activities directly infringe one or more claims of the '448 patent.

17. Nike contributorily infringed and is continuing to contributorily infringe one or more claims of the '448 patent by offering to sell and selling in the United States, and / or by importing into the United States, without authorization, components of the '448 patented invention constituting a material part of the invention, knowing the same to be especially made or adapted for use in an infringement of the '448 patent by others, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

18. Upon information and belief, Nike knowingly induced infringement and is continuing to knowingly induce infringement of the '448 patent by specifically encouraging and inducing others to practice the '448 patented invention within the United States.

19. Upon information and belief, Nike's infringement of the '448 patent has been and continues to be willful.

20. Lyons has been damaged as a result of Nike's infringement of the '448 patent and will continue to be damaged unless such infringement is enjoined by this Court pursuant to 35 U.S.C. § 283.

21. Pursuant to 35 U.S.C. § 284, Lyons is entitled to damages adequate to compensate for the infringement in an amount not less than a reasonable royalty.

22. Nike has been on actual notice of Lyons's claim for infringement since August 29, 2008, and at the very latest, since the date Nike was served with the Original Complaint.

23. Despite having notice of the '448 patent, Nike intentionally continued its infringing acts without justification, and therefore, is infringing willfully.

## JURY DEMAND

24. Plaintiffs demand a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

WHEREFORE, Lyons respectfully requests that the Court enter a judgment against Nike as follows:

a. Adjudicating that Nike infringed and continues to infringe the '448 patent;

b. That Nike and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, assigns, and all those persons in active concert or participation with them, or any of them, be preliminary and permanently enjoined

and restrained from making, importing, using, offering for sale, selling, or causing to be sold, any product falling within, or designed to conduct a method falling within, the scope of any claim of the '448 patent, or otherwise infringing or contributing to or inducing infringement of any claim of the '448 patent, because if injunctive relief is not granted Lyons will suffer irreparable harm;

c. That Nike and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, assigns, and all those persons in active concert or participation with them, or any of them, be ordered to destroy or offer up to Lyons for destruction any and all products within the scope of any claim of the '448 patent that is within Nike's possession, custody, or control;

d. That Lyons be awarded damages, in an amount not less than a reasonable royalty, to be assessed by or under the Court's discretion, adequate to compensate Lyons for Nike's infringement of the '448 patent, together with prejudgment and post-judgment interest;

e. That the Court declares this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Lyons his attorneys' fees;

f. That Lyons recover from Nike increased damages in the amount of three times the amount of Lyons' actual damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Nike's infringement of the '448 patent;

g. That Nike be required to produce an accounting for sales and profits as a result of the infringement of the '448 patent.

h. That Lyons recover from Nike all costs incurred by Lyons in preparing for and pursing this action; and

i. That Lyons be awarded all such other and further relief as the Court deems just and proper.

Respectfully submitted,

MOORE LANDREY, L.L.P.

ETHAN L. SHAW
18140480
JOHN P. COWART
State Bar No. 04919500
SCOTT C. KINSEL
State Bar No. 24038662
1609 Shoal Creek Blvd., Ste. 100
Austin, TX 78701
Telephone: (512) 499-8900
Facsimile: (512) 320-8906
Email: elshaw@moorelandrey.com
jcowart@moorelandrey.com
skinsel@moorelandrey.com