**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LEVERT LYONS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:08-cv-403 TJW |
| | ) | |
| v. | ) | (Jury Trial Demanded) |
| | ) | |
| NIKE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NIKE, INC.'S ANSWER AND COUNTERCLAIM**
**TO LEVERT LYONS' COMPLAINT**

NIKE, Inc. ("NIKE"), by and through the undersigned counsel, hereby answers Plaintiff Levert Lyons' ("Lyons") Complaint as follows:

**Allegation**

1. Plaintiff Lyons is an individual residing in Detroit, Michigan.

**Response:** NIKE is without knowledge or information sufficient to admit or deny the allegation in paragraph 1 and therefore it is denied.

**Allegation**

2. Defendant Nike is a foreign for-profit corporation organized under the laws of the State of Oregon, having an office and place of business at One Bowerman Drive, Beaverton, OR 97005, and which is doing business and infringing Lyons' patent in the Eastern District of Texas and elsewhere in the United States. Nike may be served with process by and through its agent for service, to wit: National Registered Agents, Inc., 16055 Space Center, Ste. 235, Houston, TX 77062.

**Response:** NIKE admits that NIKE, Inc. is a corporation organized under the laws of the State of Oregon, having an office and place of business at One Bowerman Drive, Beaverton, OR 97005. NIKE admits that NIKE, Inc. may be served with process by and through its agent for service, National Registered Agents, Inc., 16055 Space Center, Ste. 235, Houston, TX. NIKE admits that it transacts business in the Eastern District of Texas and elsewhere in the United States. NIKE denies the remaining allegations in paragraph 2.

**Allegation**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on the Court pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

**Response:** NIKE admits that the Complaint purports to state a claim arising under the patent laws of the United States, Title 35 of the United States Code, but denies that the Complaint states a valid claim. NIKE admits that this Court has subject matter jurisdiction over disputes arising under the patent laws of the United States. NIKE admits that venue is proper in this District, but believes that this case should be transferred to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1404(a).

**Allegation**

4. Nike has transacted business and committed acts of infringement within the State of Texas and, more particularly, within this District, and are subject to the personal jurisdiction of this Court.

**Response:** NIKE admits that it has transacted business within the State of Texas and within this District and is subject to the personal jurisdiction of this Court. NIKE denies the remaining allegations in paragraph 4.

**Allegation**

5. Nike has offered for sale, used, imported, and sold footwear in this District.

**Response:** NIKE admits that it has shipped footwear into this District, and that it has offered for sale and sold footwear in this District. NIKE denies the remaining allegations in paragraph 5.

**Allegation**

6. Nike resides in this District for purposes of venue, insofar as they are subject to personal jurisdiction in this district, have committed acts of infringement in this District, have sales representatives that solicit business in this District, provide services in or to this District, encourage others to participate infringing methods in this District, and conduct other business in this District.

**Response:** NIKE admits that it transacts business within the State of Texas and within this District and is subject to the personal jurisdiction of this Court. NIKE denies the remaining allegations in paragraph 6.

**Allegation**

7. The Court has personal jurisdiction over Nike because Nike has established minimum contacts with the forum and the exercise of personal jurisdiction over Nike would not offend traditional notions of fair play and substantial justice.

**<u>Response</u>:** NIKE admits that it has contacts with the forum and that this Court has personal jurisdiction over NIKE. NIKE denies the remaining allegations in paragraph 7.

**<u>Allegation</u>**

8. Lyons owns intellectual property relating to certain athletic shoes with compression indicators and replaceable spring cassettes. Lyons has expended considerable resources in inventing and developing his inventions and protecting his rights therein.

**<u>Response</u>:** NIKE is without knowledge or information sufficient to admit or deny the allegations in paragraph 8 and therefore they are denied.

**<u>Allegation</u>**

9. Lyons holds all rights, title, and interest in and to United States Patent No. 5,513,448, entitled "Athletic shoe with compression indicators and replaceable spring cassette" ("'448 patent"), which was duly and properly issued by the United States Patent & Trademark Office ("USPTO") on May 7, 1996 in the name of Levert Lyons. A copy of the '448 patent is attached as Exhibit A. The '448 patent is in full force and effect. Lyons is the legal owner of the '448 patent and possesses all rights of recovery under the patent.

**<u>Response</u>:** NIKE admits that U.S. Patent No. 5,513,448 ("the '448 patent") issued on May 7, 1996, that it lists Levert Lyons as the inventor, that it is entitled "Athletic Shoe with Compression Indicators and Replaceable Spring Cassette," and that what appears to be a copy of the '448 patent was attached as Exhibit A to the Complaint. NIKE denies that the '448 patent is in full force and effect. NIKE is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 9 and therefore they are denied.

**Allegation**

10. Lyons incorporates paragraphs 1-9 as though fully restated herein.

**Response:** NIKE repeats its answers contained in paragraphs 1-9.

**Allegation**

11. Lyons owns intellectual property relating to athletic shoes with compression indicators and replaceable spring cassettes covered by the ‘448 patent and teaches and encourages customers to use the methods covered by the ‘448 patent.

**Response:** NIKE is without knowledge or information sufficient to admit or deny the allegations in paragraph 11 and therefore they are denied.

**Allegation**

12. Nike is a direct competitor of Lyons.

**Response:** NIKE is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 12 and therefore they are denied.

**Allegation**

13. Nike imports, distributes, makes, uses, offers to sell and/or sells infringing products (“Accused Products”) and encourages others to practice infringing methods that compete in the marketplace with products and methods embodying the ‘448 patent.

**Response:** Denied.

**Allegation**

14. Nike imports, distributes, makes, uses, offers to sell and/or sells infringing products without authority or license from Lyons.

**Response:** Denied.

**Allegation**

15. Nike imports, distributes, makes, uses, offers to sell and/or sells infringing products and encourages others to practice infringing methods in this District and elsewhere in the United States.

**Response:** Denied.

**Allegation**

16. Nike's activities directly infringe one ore more claims of the '448 patent.

**Response:** Denied.

**Allegation**

17. Nike contributorily infringed and is continuing to contributorily infringe one or more claims of the '448 patent by offering to sell and selling in the United States, and/or by importing into the United States, without authorization, components of the '448 patented invention constituting a material part of the invention, knowing the same to be especially made or adapted for use in an infringement of the '448 patent by others, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**Response:** Denied.

**Allegation**

18. Upon information and belief, Nike knowingly induced infringement and is continuing to knowingly induce infringement of the ‘448 patent by specifically encouraging and inducing others to practice the ‘448 patented invention within the United States.

**Response:** Denied.

**Allegation**

19. Upon information and belief, Nike’s infringement of the ‘448 patent has been and continues to be willful.

**Response:** Denied.

**Allegation**

20. Lyons has been damaged as a result of Nike’s infringement of the ‘448 patent and will continue to be damaged unless such infringement is enjoined by this Court pursuant to 35 U.S.C. § 283.

**Response:** Denied.

**Allegation**

21. Pursuant to 35 U.S.C. § 284, Lyons is entitled to damages adequate to compensate for the infringement in an amount not less than a reasonable royalty.

**Response:** Denied.

**Allegation**

22. Nike has been on actual notice of Lyons' claim for infringement since August 29, 2008, and at the very latest, since the date Nike was served with the Original Complaint.

**Response:** NIKE admits that in early September 2008 it received a letter dated September 3, 2008, from the law firm, Moore Landrey, L.L.P., regarding NIKE's alleged infringement of the '448 patent. NIKE further admits that it was served with a copy of the complaint alleging infringement of the '448 patent on or about December 8, 2008. No answer is required to the remaining allegations in paragraph 22, which merely state conclusions of law.

**Allegation**

23. Despite having notice of the '448 patent, Nike intentionally continued its infringing acts without justification, and therefore, is infringing willfully.

**Response:** Denied.

## FIRST AFFIRMATIVE DEFENSE

(Non-infringement)

NIKE does not infringe any valid claim of the '448 patent either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the '448 patent.

## SECOND AFFIRMATIVE DEFENSE

(Invalidity)

On information and belief, the '448 patent is invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not

limited to 35 U.S.C. §§ 102, 103, and 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.

**WHEREFORE,** NIKE requests judgment as follows:

A. That the Complaint be dismissed with prejudice;

B. That U.S. Patent No. 5,513,448 is not infringed by any of NIKE's activities or products;

C. That U.S. Patent No. 5,513,448 is invalid;

D. That Plaintiff be awarded no damages in view of the above-identified affirmative defenses;

E. That Plaintiff, his agents and assigns be permanently enjoined from asserting any charge(s) of infringement of U.S. Patent No. 5,513,448 against NIKE and its agents, employees, successors, and assigns;

F. That, pursuant to 35 U.S.C. § 285, this is an exceptional case and accordingly NIKE be awarded its reasonable attorneys' fees in maintaining this action and defending against Plaintiff's Complaint;

G. That NIKE be awarded its costs; and

H. That this Court award NIKE such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS AND DECLARATORY JUDGMENT

1. Defendant Nike, Inc. ("NIKE") is a corporation organized under the laws of the State of Oregon, having a principal place of business at One Bowerman Drive, Beaverton, OR 97005.

2. On information and belief, Plaintiff Lyons is an individual residing in Detroit, Michigan.

**JURISDICTION AND VENUE**

3. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § *et seq*. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims also arise under 28 U.S.C. § 2201.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and because this is where the Original complaint was filed by Lyons.

5. As a result of Lyons' allegations, an actual and justiciable controversy has arisen between NIKE on the one hand, and Lyons on the other, with respect to U.S. Patent No. 5,513,448 ("the '448 patent").

**COUNT I – DECLARATION OF INVALIDITY OF THE '448 PATENT**

6. Paragraphs 1-5 of NIKE's counterclaims are realleged and reincorporated by reference as if fully set forth herein.

7. The '448 patent is invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 102, 103, and 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.

8. Absent a declaration that the '448 patent is invalid, Lyons will continue to wrongfully assert the '448 patent against NIKE, and against its customers, in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause NIKE irreparable injury and damage.

9. By reason of the foregoing, there is an actual and justiciable controversy between NIKE on the one hand, and Lyons on the other, and NIKE is entitled to a decree that the ‘448 patent is invalid.

**COUNT II – DECLARATION OF NON-INFRINGEMENT OF THE ‘448 PATENT**

10. Paragraphs 1-9 of NIKE’s Counterclaims are realleged and reincorporated by reference as if fully set forth herein.

11. NIKE has not and does not infringe any valid claim of the ‘448 patent.

12. Absent a declaration that NIKE does not infringe the ‘448 patent, Lyons will continue to wrongfully assert the ‘448 patent against NIKE, and against their customers, in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause NIKE irreparable injury and damage.

13. By reason of the foregoing, there is an actual and justiciable controversy between NIKE on the one hand, and Lyons on the other, and NIKE is entitled to a decree that NIKE does not infringe the ‘448 patent.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the Constitution of the United States of America, NIKE hereby demands a trial by jury on all issues raised in this action that are so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** NIKE requests judgment as follows:

A. That the Complaint be dismissed with prejudice;

B. That U.S. Patent No. 5,513,448 is not infringed by any of NIKE's activities or products;

C. That U.S. Patent No. 5,513,448 is invalid;

D. That Plaintiff be awarded no damages in view of the above-identified affirmative defenses;

E. That Plaintiff, his agents and assigns be permanently enjoined from asserting any charge(s) of infringement of U.S. Patent No. 5,513,448 against NIKE and its agents, employees, successors, and assigns;

F. That, pursuant to 35 U.S.C. § 285, this is an exceptional case and accordingly NIKE be awarded its reasonable attorneys' fees in maintaining this action and defending against Plaintiff's Complaint;

G. That NIKE be awarded its costs; and

H. That this Court award NIKE such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 28, 2009

/s/ Christopher J. Renk (Wesley Hill by permission)

Christopher J. Renk – Lead Attorney
IL Bar No. 6199012
crenk@bannerwitcoff.com
Thomas K. Pratt
IL Bar No. 6209761
tpratt@bannerwitcoff.com
Timothy J. Rechtien
IL Bar No. 6293623
trechtien@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
10 S. Wacker Drive – Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Otis W. Carroll
Tex. Bar No. 03895700
fedserv@icklaw.com
J. Wesley Hill
Tex. Bar No. 24032294
wesleyhill@icklaw.com
**IRELAND, CARROLL & KELLEY, PC**
6101 S. Broadway – Suite 500
Tyler, TX 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

Attorneys for Defendant,
**NIKE, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via electronic delivery or U.S. mail this 28th day of January, 2009.

/s/ Wesley Hill