Gordon T. Carey, Jr., OSB No. 771331
Direct Dial: 503-222-1415
Fax: 503-222-1923
Email: gordon@gordoncarey.com
**Gordon T. Carey, Jr., P.C.**
1220 Southwest Morrison, Ste. 815
Portland, OR 97205

**Ethan L. Shaw** (*pro hac vice)*
Email: elshaw@moorelandrey.com
**John P. Cowart** (*pro hac vice)*
Email: jcowart@moorelandrey.com
**Moore Landrey, LLP**
1609 Shoal Creek Blvd., Ste. 100
Austin, TX 78701
Telephone: (512) 499-8900
Facsimile: (512) 320-8906

Attorneys for Plaintiff/Counter-Defendant,
Levert Lyons

UNITED STATE DISTRICT COURT
DISTRICT OF OREGON

| | | |
|---|---|---|
| LEVERT LYONS | § | Case No. 3:09cv1183-AC |
| | § | |
| Plaintiff, | § | |
| | § | PLAINTIFF/COUNTER-DEFENDANT |
| v. | § | LEVERT LYONS' FIRST AMENDED |
| | § | ORIGINAL COMPLAINT FOR PATENT |
| NIKE, Inc. | § | INFRINGEMENT |
| | § | |
| Defendant. | § | JURY DEMAND REQUESTED |

**FIRST AMENDED ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff/Counter-Defendant LEVERT LYONS alleges the following in support of its complaint for patent infringement against Defendant Nike, Inc.:

## PARTIES

1. Plaintiff/Counter-Defendant Levert Lyons is an individual residing in Roseville, Michigan.

2. Defendant/Counter-Plaintiff Nike, Inc. has appeared and answered herein and is properly before this Court.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271, 281-282 and 284-285. Jurisdiction is conferred on the Court pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

4. Nike, Inc. has transacted business and committed acts of infringement within the State of Texas and, more particularly, within this District, and are subject to the personal jurisdiction of this Court.

5. Nike, Inc. has offered for sale, used, imported, and sold footwear in this District.

6. Nike, Inc. resides in this District for purposes of venue, insofar as they are subject to personal jurisdiction in this district, have committed acts of infringement in this District, have sales representatives that solicit business in this District, provide services in or to this District, encourage others to participate infringing methods in this District, and conduct other business in this District.

7. The Court has personal jurisdiction over Nike, Inc. because Nike, Inc. has established minimum contacts with the forum and the exercise of personal jurisdiction over Nike, Inc. would not offend traditional notions of fair play and substantial justice.

## GENERAL ALLEGATIONS

8. Levert Lyons owns intellectual property relating to certain athletic shoes with compression indicators and replaceable spring cassettes. Levert Lyons has expended considerable resources in inventing and developing his inventions and protecting his rights therein.

9. Levert Lyons holds all rights, title, and interest in and to United States Patent No.5,513,448, entitled "Athletic shoe with compression indicators and replaceable spring cassette" ("448 patent"), which was duly and properly issued by the United States Patent & Trademark Office ("USPTO") on May 7, 1996 in the name of Levert Lyons. A copy of the '448 patent is attached as Exhibit A. The '448 patent is in full force and effect. Levert Lyons is the legal owner of the '448 patent and possesses all rights of recovery under the patent.

## COUNT 1

### Infringement of U.S. Patent 5,513,448

10. Levert Lyons incorporates paragraphs 1-9 as though fully restated herein.

11. Levert Lyons owns intellectual property relating to athletic shoes with compression indicators and replaceable spring cassettes covered by the '448 patent and teaches and encourages customers to use the methods covered by the '448 patent.

12. Nike, Inc. is a direct competitor of Levert Lyons.

13. Nike, Inc. imports, distributes, makes, uses, offers to sell and / or sells infringing products ("Accused Products") and encourages others to practice infringing methods that compete in the marketplace with products and methods embodying the '448 patent.

14. Nike, Inc. imports, distributes, makes, uses, offers to sell and / or sells infringing products without authority or license from Levert Lyons.

15. Nike, Inc. imports, distributes, makes, uses, offers to sell and / or sells infringing products and encourages others to practice infringing methods in this District and elsewhere in the United States.

16. Nike, Inc.'s activities directly infringe one or more claims of the '448 patent.

17. Nike, Inc. contributorily infringed and is continuing to contributorily infringe one or more claims of the '448 patent by offering to sell and selling in the United States, and/or by importing into the United States, without authorization, components of the '448 patented invention constituting a material part of the invention, knowing the same to be especially made or adapted for use in an infringement of the '448 patent by others, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

18. Upon information and belief, Nike, Inc. knowingly induced infringement and is continuing to knowingly induce infringement of the '448 patent by specifically encouraging and inducing others to practice the '448 patented invention within the United States.

19. Upon information and belief, Nike, Inc.'s infringement of the '448 patent has been and continues to be willful.

20. Pursuant to 35 U.S.C. § 284, Levert Lyons is entitled to damages adequate to compensate for the infringement in an amount not less than a reasonable royalty.

21. Nike, Inc. has been on actual notice of Levert Lyons's claim for infringement since April 26, 2007, and at the very latest, since the date Nike, Inc. was served with the Original Complaint.

22. Despite having notice of the ‘448 patent, Nike, Inc. intentionally continued its infringing acts without justification, and therefore, is infringing willfully.

**JURY DEMAND**

23. Plaintiffs demand a trial by jury pursuant to Federal Rule of Civil Procedure 38.

**PRAYER FOR RELIEF**

WHEREFORE, Levert Lyons respectfully requests that the Court enter a judgment against Nike, Inc. as follows:

a. Adjudicating that Nike, Inc. infringed and continues to infringe the ‘448 patent;

b. That Levert Lyons be awarded damages, in an amount not less than a reasonable royalty, to be assessed by or under the Court’s discretion, adequate to compensate Levert Lyons for Nike, Inc.’s infringement of the ‘448 patent, together with prejudgment and post-judgment interest;

c. That the Court declares this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Levert Lyons his attorneys’ fees;

d. That Levert Lyons recover from Nike, Inc. increased damages in the amount of three times the amount of Levert Lyons’ actual damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Nike, Inc.’s infringement of the ‘448 patent;

e. That Nike, Inc. be required to produce an accounting for sales and profits as a result of the infringement of the ‘448 patent.

f. That Levert Lyons recover from Nike, Inc. all costs incurred by Levert Lyons in preparing for and pursing this action; and

g. That Levert Lyons be awarded all such other and further relief as the Court deems just and proper.

Dated: February 8, 2010

*/s/ JOHN P. COWART*

Gordon T. Carey, Jr., OSB#771331
Gordon T. Carey, Jr., P.C.
1220 Southwest Morrison, Ste.815
Portland, OR 97205
Direct Dial: 503-222-1415
Facsimile: 503-222-1923
Email: gordon@gordoncarey.com

**Ethan L. Shaw** (*pro hac vice)*
Email: elshaw@moorelandrey.com
**John P. Cowart** (*pro hac vice)*
Email: jcowart@moorelandrey.com
**Moore Landrey, LLP**
1609 Shoal Creek Blvd., Ste. 100
Austin, TX 78701
Telephone: (512) 499-8900
Facsimile: (512) 320-8906

Attorneys for Plaintiff/Counter-Defendant,
Levert Lyons