**Jon P. Stride**, OSB No. 903887
Direct Dial: 503.802.2034
Direct Fax: 503.972.3734
Email: jon.stride@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2099

**Christopher J. Renk** (admitted *pro hac vice*)
Email: crenk@bannerwitcoff.com
**Thomas K. Pratt** (admitted *pro hac vice*)
Email: tpratt@bannerwitcoff.com
**Timothy J. Rechtien** (admitted *pro hac vice*)
Email: trechtien@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
Suite 3000
10 South Wacker Drive
Chicago, IL 60606
Telephone: 312.463.5000
FAX: 312.463.5001

Attorneys for Defendant NIKE, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Portland Division)

**LEVERT LYONS,**

Plaintiff,

v.

**NIKE, INC.,**

Defendant.

Civil No. 3:09-cv-01183-AC

**DEFENDANT NIKE, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO LEVERT LYONS' FIRST AMENDED COMPLAINT**

**(Jury Trial Demanded)**

NIKE, Inc. ("NIKE"), by and through the undersigned counsel, hereby answers Plaintiff Levert Lyons' ("Lyons") First Amended Complaint and alleges Affirmative Defenses and Counterclaims as follows:

1. NIKE is without knowledge or information sufficient to admit or deny the allegation in paragraph 1 and therefore it is denied.

2. NIKE admits that it has appeared before this Court and that it is answering the First Amended Complaint, but denies that the First Amended Complaint states a valid claim. NIKE denies the remaining allegations of paragraph 2.

3. In response to paragraph 3, NIKE admits that the First Amended Complaint purports to state a claim arising under the patent laws of the United States, Title 35 of the United States Code, but denies that the First Amended Complaint states a valid claim. NIKE admits that this Court has subject matter jurisdiction over disputes arising under the patent laws of the United States. NIKE admits that venue is proper in the United States District Court for the District of Oregon ("District of Oregon") in this case.

4. NIKE admits that it has transacted business within the State of Texas and within the District of Oregon and is subject to the personal jurisdiction of the District of Oregon in this case. NIKE denies the remaining allegations in paragraph 4.

5. NIKE admits that it has shipped footwear into the District of Oregon, and that it has used, offered for sale and sold footwear in the District of Oregon. NIKE denies the remaining allegations in paragraph 5.

6. NIKE admits that it transacts business within the District of Oregon and is subject to the personal jurisdiction of this Court in this case. NIKE admits that venue is proper in the District of Oregon in this case. NIKE denies the remaining allegations in paragraph 6.

7. NIKE admits that it has contacts within the forum and that this Court has personal jurisdiction over NIKE in this case. NIKE denies the remaining allegations in paragraph 7.

8. NIKE is without knowledge or information sufficient to admit or deny the allegations in paragraph 8 and therefore they are denied.

9. NIKE admits that U.S. Patent No. 5,513,448 ("the '448 patent") issued on May 7, 1996, lists Levert Lyons as the inventor and that it is entitled "Athletic Shoe with Compression Indicators and Replaceable Spring Cassette." NIKE denies that the '448 patent is in full force and effect. NIKE is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 9 and therefore they are denied.

10. NIKE realleges and incorporates herein its answers to paragraphs 1-9, above.

11. NIKE is without knowledge or information sufficient to admit or deny the allegations in paragraph 11 and therefore they are denied.

12. NIKE is without knowledge or information sufficient to admit or deny the allegation in paragraph 12 and therefore denies it.

13. NIKE denies the allegations in paragraph 13.

14. NIKE denies the allegations in paragraph 14.

15. NIKE denies the allegations in paragraph 15.

16. NIKE denies the allegations in paragraph 16.

17. NIKE denies the allegations in paragraph 17.

18. NIKE denies the allegations in paragraph 18.

19. NIKE denies the allegations in paragraph 19.

20. NIKE denies the allegations in paragraph 20.

21. NIKE admits that sometime around April 26, 2007, it received a letter in the mail dated April 26, 2007, from the law firm Reising, Ethington, Barnes, Kisselle, P.C. stating that "[w]e believe the construction of NIKE's Air Jordan 21 and XX2 shoes falls under the scope and coverage of U.S. Patent 5,513,448." NIKE further admits that it was served with a copy of the

Complaint alleging infringement of the '448 patent on or about December 8, 2008. No answer is required to the remaining allegations in paragraph 21, which merely state conclusions of law.

22. NIKE denies the allegations in paragraph 22.

## FIRST AFFIRMATIVE DEFENSE

**(Non-infringement)**

23. NIKE does not infringe any valid claim of the '448 patent either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the '448 patent.

## SECOND AFFIRMATIVE DEFENSE

**(Invalidity)**

24. On information and belief, the '448 patent is invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 102, 103, and 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.

## COUNTERCLAIMS AND DECLARATORY JUDGMENT

25. Defendant Nike, Inc. ("NIKE") is a corporation organized under the laws of the State of Oregon, having a principal place of business at One Bowerman Drive, Beaverton, OR 97005.

26. On information and belief, Plaintiff Lyons is an individual residing in Roseville, Michigan.

## JURISDICTION AND VENUE

27. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims also arise under 28 U.S.C. § 2201.

28. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and because this is where Lyons filed his First Amended Complaint.

29. As a result of Lyons' allegations, an actual and justiciable controversy has arisen between NIKE on the one hand, and Lyons on the other, with respect to U.S. Patent No. 5,513,448 ("the '448 patent").

**COUNT I – DECLARATION OF INVALIDITY OF THE '448 PATENT**

30. Paragraphs 25-29 of NIKE's Counterclaims are realleged and incorporated by reference as if fully set forth herein.

31. The '448 patent is invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 102, 103, and 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.

32. Absent a declaration that the '448 patent is invalid, Lyons will continue to wrongfully assert the '448 patent against NIKE, and against its customers, in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause NIKE irreparable injury and damage.

33. By reason of the foregoing, there is an actual and justiciable controversy between NIKE on the one hand, and Lyons on the other, and NIKE is entitled to an order that the '448 patent is invalid.

34. Pursuant to 35 U.S.C. § 285, this is an exceptional case and accordingly NIKE should be awarded its reasonable attorneys' fees in maintaining this action and defending against Plaintiff's First Amended Complaint.

**COUNT II – DECLARATION OF NON-INFRINGEMENT OF THE '448 PATENT**

35. Paragraphs 25-29 of NIKE's Counterclaims are realleged and incorporated by reference as if fully set forth herein.

36. NIKE has not and does not infringe any valid claim of the '448 patent.

37. Absent a declaration that NIKE does not infringe the '448 patent, Lyons will continue to wrongfully assert the '448 patent against NIKE, and against its customers, in violation

of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause NIKE irreparable injury and damage.

38. By reason of the foregoing, there is an actual and justiciable controversy between NIKE on the one hand, and Lyons on the other, and NIKE is entitled to an order that NIKE does not infringe the '448 patent.

39. Pursuant to 35 U.S.C. § 285, this is an exceptional case and accordingly NIKE should be awarded its reasonable attorneys' fees in maintaining this action and defending against Plaintiff's First Amended Complaint.

**DEMAND FOR JURY TRIAL**

40. Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the Constitution of the United States of America, NIKE hereby demands a trial by jury on all issues raised in this action that are so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** NIKE prays for judgment as follows:

A. On Plaintiff's Claim for Relief (entitled Count I):

1. That judgment be entered in favor of Defendant NIKE and against Plaintiff Levert Lyons on Plaintiff's claim and that the First Amended Complaint be dismissed with prejudice;
2. That judgment be entered finding that U.S. Patent No. 5,513,448 is not infringed by any of NIKE's activities or products;
3. That judgment be entered finding that U.S. Patent No. 5,513,448 is invalid; and
4. That Plaintiff be awarded no damages in view of the above-identified Affirmative Defenses;

B. On Defendant's Counterclaims for Declaratory Judgment:

1. Count I:
    a. A declaration that U.S. Patent No. 5,513,448 is invalid;

b. That Plaintiff, his agents and assigns be permanently enjoined from asserting any charge(s) of infringement of U.S. Patent No. 5,513,448 against NIKE and its agents, employees, successors, and assigns; and

c. That, pursuant to 35 U.S.C. § 285, this is an exceptional case and accordingly NIKE be awarded its reasonable attorneys' fees in maintaining this action and defending against Plaintiff's First Amended Complaint;

2. Count II:

a. A declaration that U.S. Patent No. 5,513,448 is not infringed by any of NIKE's activities or products;

b. That Plaintiff, his agents and assigns be permanently enjoined from asserting any charge(s) of infringement of U.S. Patent No. 5,513,448 against NIKE and its agents, employees, successors, and assigns; and

c. That, pursuant to 35 U.S.C. § 285, this is an exceptional case and accordingly NIKE be awarded its reasonable attorneys' fees in maintaining this action and defending against Plaintiff's First Amended Complaint;

C. That NIKE be awarded its costs and disbursements that it has incurred; and

D. That this Court award NIKE such other and further relief as the Court deems just and proper.

Respectfully submitted,

TONKON TORP LLP

Dated: February 26, 2010.

By */s/ Jon P. Stride*

Jon P. Stride (OSB #903887)
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2099

Phone: (503) 802-2034
Fax: (503) 972-3734
Email: *jon.stride@tonkon.com*

BANNER & WITCOFF, LTD.

By /s/ *Thomas K. Pratt*
Christopher J. Renk, admitted *pro hac vice*
Thomas K. Pratt, admitted *pro hac vice*
Timothy J. Rechtien, admitted *pro hac vice*
10 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: (312) 463-5000
Fax: (312) 463-5001
Email: *crenk@bannerwitcoff.com*
*tpratt@bannerwitcoff.com*
*trectien@bannerwitcoff.com*

Attorneys for Defendant NIKE, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2010, a true and correct copy of NIKE INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO LEVERT LYONS' FIRST AMENDED COMPLAINT was served electronically through the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Ethan L. Shaw
John P. Cowart
Scott C. Kinsel
Moore Landrey, L.L.P.
1609 Shoal Creek Blvd, Suite 100
Austin, TX 78701

Email: *elshaw@moorelandrey.com*
*jcowart@moorelandrey.com*
*skinsel@moorelandrey.com*

TONKON TORP LLP

By /s/ Jon P. Stride
Jon P. Stride
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2099
Phone: (503) 802-2034
Fax: (503) 972-3734
Email: *jon.stride@tonkon.com*

003231/00818/2057282v1