IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**LEVERT LYONS**,

           Plaintiff,

vs.

**NIKE, INC.**,

           Defendant.

Civil Case No. 09-1183-AC

OPINION AND ORDER

    Ethan L. Shaw
    John P. Cowart
    Moore Landrey, LLP
    1609 Shoal Creek Blvd., Suite 100
    Austin, Texas  78701

    Gordon T. Carey , Jr.
    1020 SW Taylor, Suite 375
    Portland, Oregon  97205

        Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

    Christopher J. Renk
    Thomas K. Pratt
    Timothy J. Rechtien
    Banner & Witcoff, Ltd.
    10 S. Wacker Drive, Suite 3000
    Chicago, IL  60606

    Jon P. Stride
    Tonkon Torp LLP
    1600 Pioneer Tower
    888 SW Fifth Avenue, Suite 1600
    Portland, Oregon  97204-2099

        Attorneys for Defendant

KING, Judge:

    The Honorable John Acosta, United States Magistrate Judge, filed Findings and Recommendation in this case on September 28, 2010 (DOC. # 63).  The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure.  Decisions on dispositive issues under 28 U.S.C. § 636(b)(1)(B) are reviewed de novo. United States v. Raddatz, 447 U.S. 667, 673 (1980); Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a de novo determination of that portion of the Magistrate's report.  28 U.S.C. section 636(b)(1)(B); United States v. Remsing, 874 F.2d 614 (9th Cir. 1989).

    Defendant Nike, Inc. ("Nike") has filed timely objections.  I have, therefore, given this case de novo review.

This is a patent infringement case in which plaintiff Levert Lyons alleges that Nike has infringed United States Patent No. 5,513,448 ("the Patent").  The Patent describes an athletic shoe with a removable spring cassette that snaps into a cavity in the sole of the shoe.

Magistrate Judge Acosta held a Claim Construction Hearing on the Patent on May 3, 2010, addressing the meaning of disputed limitations in claims 1 and 3 of the Patent.  Nike objects to Judge Acosta's recommended constructions for "positive interlock" and "flexing of said bottom sole such that its rear and forward ends move downwardly with respect to its center section."

## DISCUSSION

Judge Acosta construed "positive interlock" to mean "something less than a snap fit" and "something more than a mere press fit."  Findings and Recommendation at 13.  Nike objects to the recommended construction of "positive interlock" because the specification and prosecution history directly contradict that finding.  However, in the Findings and Recommendation, Judge Acosta addressed the same arguments Nike makes here.  I conclude that Judge Acosta's recommended claim construction is not clearly erroneous or contrary to law,  Fed. R. Civ. P. 72(a), and therefore adopt it.

Judge Acosta declined to construe the following claim language:

> Said Cassette Being Removable from Said Cavity by Removal of Said Inner Sole and Flexing of Said Bottom Sole Such that its Rear and Forward Ends Move Downwardly with Respect to its Center Section to Disengage Said First Portion from Said Second Portion of Said Fastener Assembly and Allow Removal of Said Cassette from Said Cavity and from Said Interior of Said Shoe

Judge Acosta was unpersuaded by Nike's argument that the court should adopt language that distinguished between the flexion that occurred during normal use of the shoe, when the shoe is

upright, and the flexion used to disengage the cassette, when the shoe is upside down, so as to prevent confusion on whether the two types of flexion would operate in the same manner were the shoe turned upside down.  The court concluded that Nike's proposed construction sought to "unnecessarily clarify operation of the shoe and exclude devices that are not reasonably contemplated by the patent in question." Id. at 19.

Nike asserts that the parties present a fundamental dispute about the scope of this claim term, and that the court had a duty to resolve that dispute.  However, I agree with Judge Acosta's rejection of Nike's proposed construction on the ground that the existing claim language does not cause confusion about two types of flexion necessary for cassette removal, and with his conclusion that Nike's construction unnecessarily seeks to clarify operation of the shoe and exclude devices not reasonably contemplated by the Patent.

Accordingly, the court ADOPTS the Findings and Recommendation.

IT IS SO ORDERED.

Dated this      11th       day of February, 2011.


                                            /s/ Garr M. King
                                           Garr M. King
                                           United States District Judge