Gordon T. Carey, Jr., OSB No. 771331
Direct Dial: 503-222-1415
Fax: 503-222-1923
Email: gordon@gordoncarey.com
**Gordon T. Carey, Jr., P.C.**
1220 Southwest Morrison, Ste. 815
Portland, OR 97205

**Ethan L. Shaw** (*pro hac vice*)
Email: elshaw@moorelandrey.com
**John P. Cowart** (*pro hac vice*)
Email: jcowart@moorelandrey.com
**Moore Landrey, LLP**
1609 Shoal Creek Blvd., Ste. 100
Austin, TX 78701
Telephone: (512) 499-8900
Facsimile: (512) 320-8906

Attorneys for Plaintiff/Counter-Defendant,
Levert Lyons

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
(Portland Division)

| | |
|---|---|
| **LEVERT LYONS,** | Civil No. 3:09-cv-01183-AC |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF LEVERT LYONS' CROSS MOTION FOR ENTRY OF JUDGMENT** |
| v. | |
| **NIKE, INC.,** | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF LEVERT LYONS' CROSS MOTION FOR ENTRY OF JUDGMENT

This Court in its Opinion and Order of June 7, 2012 GRANTED Defendant NIKE, Inc.'s ("Nike") motion for summary judgment of noninfringement, DENIED Nike's motion for summary judgment as to invalidity, and DENIED as moot Plaintiff Levert Lyons' ("Lyons")

motion for partial summary judgment as to intentional infringement. (*See* Dkt. No. 136, Summary Judgment Order.) Lyons' urges reconsideration of the Opinion and Order of June 7, 2012. Lyons urges the Court to enter judgment in favor of Lyons in accordance with Exhibit A attached to Plaintiff Levert Lyons' Cross Motion for Entry of Judgment, submitted herewith.

## APPLICABLE LEGAL STANDARDS

Plaintiff Levert Lyons' by this Cross Motion for Entry of Judgment requests reconsideration and revision of the Court's Opinion and Order of June 7, 2012, and entry of judgment for Lyons. This Cross Motion for Entry of Judgment is timely filed. See, L.R. 7-1(e)(2). Lyons respectfully asks the Court to grant the requested relief by exercise of discretion to achieve justice in this proceeding. Absent entry of final judgment under Rule 54(b), any "order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties"). Fed.R.Civ.P. 54(b). Whether to reconsider an interlocutory order is within the sound discretion of the district court. *See, e.g.,* Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir.1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of final judgment."); Fisher v. National Railroad Passenger Corp., 152 F.R.D. 145, 149 (S.D.Ind.1993) ("[I]t is well-established that a district court has the inherent power to reconsider interlocutory orders and re-open any part of a case before entry of final judgment.") (citing Marconi Wireless Telephone Co. v. United States, 320 U.S. 1, 47–48, 63 S.Ct. 1393, 1414–15, 87 L.Ed. 1731 (1943)).

In considering a motion for summary judgment, "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment will not lie

if [the] dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248.

## ANALYSIS

### I. Summary Judgment that Claims 1 and 3 Are Not Infringed Should Not Be Granted, Because Substantial Evidence in the Record Must Be Weighed By the Jury.

**A. Fastener Assembly.** The Court granted summary judgment for Nike because no genuine issue of material fact exists whether the accused shoes meet the "fastener assembly" limitation. Lyons respectfully requests that the Court deny summary judgment on this question, for the following reasons.

1. The Court acknowledges evidence in the record that the accused shoes include structural elements which, in part, meet the "fastener assembly" limitation. (Dkt. No. 136, Opinion and Order at 9-10.) The Court explains that:

> "The requisite engagement, however, is not present in the accused devices. In order to meet the fastener assembly limitation, the engagement between the portions of the fastener assembly must be such that the two portions are securely fastened in the cavity. Here the portions do not fit together such that they are securely held inside the cavity except, perhaps, when downward pressure from the foot is displacing the pod into the cavity. At all other times, the pod is not fastened in the cavity and is susceptible to removal by merely pressing the pod from the bottom of the shoe, pulling up on the flange attached to the top of the pod, or simply turning the shoe and allowing the pod to fall out. This is not indicative of a fastener assembly as described by the '448 Patent. The court agrees that Dr. Priddy's unsupported conclusions are insufficient to create a question of fact ..." (Dkt. No. 136, Opinion and Order, at 9-10.)

The court has cited and discussed the considerable evidence that structural elements in the accused shoes meet the "securely fastened" aspect of the fastener assembly limitation. See (Dkt. No. 135, Opinion and Order at 8.) The court, however, has weighed and discounted this

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF LEVERT LYONS' CROSS
MOTION FOR ENTRY OF JUDGMENT

3

evidence, which is impermissible when considering a motion for summary judgment. *See, Anderson v. Liberty Lobby, Inc.,* supra. See, for example, the "indentation in the pod", the "outer wall of the pod", the "indentation in the cavity that forms a ridge and a recess", and the "separation between th[e] sole and the bottom outer sole" which Lyons alleges form the fastener assembly and cooperate to cause the cassette to be "securely fastened" in the cavity. (Dkt. No. 136, Opinion and Order at 8.) The record thus includes evidence that structural elements of the accused shoes can, and do, cause the cassette to be "securely fastened" in the cavity of the accused shoes.

2. Lyons, again, respectfully submits that the phrase "at all times" is not a limitation appearing in claim 1 as construed by the court. That the cassette can fall out of the shoe when the shoe is not in ordinary wear and use on the foot is not determinative of whether the cassette is "securely fastened" in the cavity. The only relevant time period for evaluating whether the cassette is "securely fastened" in the cavity is the time period when the shoe is in ordinary wear and flexing on the foot. (Dkt. No. 63, Findings and Recommendation, at 14-15.)

Lyons respectfully submits that two readily observable characteristics of the accused shoes, considered together, are sufficient to create a genuine issue of material fact regarding whether the cassette is "securely fastened" in the cavity:

(a) that the cassette or pod is formed of flexible resilient material that can be deformed (Dkt. No. 63, Findings and Recommendation, at 7) against the contoured wall of the cavity (Dkt. No. 136, Opinion and Order, at 7), and

(b) that the cavity sidewall includes the "indentation in the cavity that forms a ridge and a recess" (Dkt. No. 136, Opinion and Order, at 8.).

Lyons submits that a leap of logic is not required, and that expert testimony is not required, to create a genuine issue of material fact regarding whether these identified structural elements cooperate to cause the cassette to be "securely fastened" in the cavity. Lyons cautions that, as borne out by the court's earlier claim construction, the phrase "at all times" does not appear in claim 1. (Dkt. No. 63, Findings and Recommendation, at 14-15.)

Lyons notes additional material evidence in the record: the "indentation in the pod". This indentation is a structural element observed in the accused shoes. Likewise, the "indentation in the cavity that forms a ridge and a recess" is another, corresponding structural element observed in the accused shoes. These corresponding structural elements have been observed by Dr. Priddy and Mr. Lyons, and pointed out to the court. Of course, both Priddy and Lyons have pointed out that cooperation of the "indentation in the pod" and the corresponding "indentation in the cavity that forms a ridge and a recess" are structural elements that cause the cassette to be "securely fastened" in the cavity during ordinary wear and flexing of the shoe on the foot. (See, for example, Dkt. No. 136 at 7-8.)

Lyons, in view of the preceding, urges the court to deny Nike's motion for summary judgment on "fastener assembly".

**B. Positive Interlock.** Material evidence of "positive interlock" is also found in the record: the "indentation in the pod" and the corresponding "indentation in the cavity that forms a ridge and a recess. (Dkt. No. 136, Opinion and Order, at 7-8.) This evidence is not "theoretical speculation" as characterized by the Court. (Dkt. No. 136, Opinion and Order, at 12.) The indentations, the ridge, and the recess are structural elements observed in the accused shoes. The "indentation in the pod" and the "indentation in the cavity that forms a ridge and a recess" are substantial evidence of corresponding structural elements in the accused shoes that are sufficient

to form the "positive interlock". This evidence is sufficient to deny Nike's motion for summary judgment and, further, to form the basis for granting judgment that claim 1 is infringed in favor of Lyons. Again, the court has not viewed the evidence in the perspective most favorable to Lyons, and this error is impermissible. *See, Anderson v. Liberty Lobby, Inc.*, supra. Again, these corresponding structural elements have been observed by Dr. Priddy and Mr. Lyons, and pointed out to the court. Again, both Priddy and Lyons have pointed out that cooperation of the "indentation in the pod" and the corresponding "indentation in the cavity that forms a ridge and a recess" are structural elements forming a "positive interlock" that cause the cassette to be "securely fastened" in the cavity during ordinary wear and flexing of the shoe on the foot. (Dkt. No. 136, Opinion and Order, at 7-8)

Lyons, again, respectfully submits that the phrase "at all times" is not a limitation appearing in claim 1 as construed by the court. That the cassette can fall out of the shoe when the shoe is not in ordinary wear and use on the foot is not determinative of whether the cassette is "securely fastened" in the cavity by a "positive interlock" when in ordinary wear and flexing on the foot. The only relevant time period for evaluating whether the "positive interlock" exist to "securely fasten" the cassette in the cavity is the time period when the shoe is in ordinary wear and flexing on the foot. (Dkt. No. 63, Findings and Recommendation, at 14-15.)

The court impermissibly discounts the weight of Dr. Priddy's testimony and opinions set forth in his expert reports. The court questions "whether the downward pressure and heat from a wearer's foot would cause the pod to expand and disperse into the cavity recess such that a positive interlock is formed" (Dkt.No, 136, Opinion and Order, at 13.) The court next gives Dr. Priddy's testimony no evidentiary weight for the proposition that a "positive interlock" is formed. The court however, most respectfully, is not qualified to refuse to give evidentiary weight to Dr.

Priddy's testimony that the "positive interlock" is formed in the accused shoes. The court simply makes a bare decision that Dr. Priddy's testimony is no evidence of "positive interlock." Again, Dr. Priddy's testimony and opinion evidence in his reports, and inferences therefrom, are to be viewed in the light most favorable to Lyons.

Lyons, in view of the preceding, urges the court to deny Nike's motion for summary judgment on "positive interlock".

**C. Flexing to Disengage.** Lyons respectfully submits that the court commits an error of law by equating "flexing the shoe" with "flexing the sole" of the shoe. Claim 1 does not specify that the cassette is removable by "flexing the shoe." Claim 1 specifies only that the cassette is removable by "flexing the sole."

**(i) Reversible Error.** The court commits reversible error by requiring for infringement of claim 1 that the Air Jordan XXI and XXII must be sufficiently flexible to allow disengagement of the fastener assembly by flexing the shoe as a whole. (See, Dkt. No. 136 at 18.) The Court should not distinguish this case from *Bernard Dalsin Manufacturing Co. v. RMR Products, Inc.*, 10 Fed. Appx. 882, 2001 WL 482374 (Fed.Cir. 2001), where the accused infringer unsuccessfully attempted to avoid infringement by adding a new, intervening structure (a new interior ledge in the design of a chimney damper). It must be understood that the claims at issue in *Bernard Dalsin Manufacturing Co.* did not exclude chimney dampers having an interior ledge, just as here claim 1 does not exclude shoes having a shank. That the shank makes flexing the sole to disengage the fastener assembly and allow removal of the cassette from the shoe does not avoid infringement, just as adding an interior ledge to the damper did not avoid infringement. Because claim 1 does not specify a shank, the presence of the shank in the

accused shoes is irrelevant to infringement of claim 1 by the accused shoes, and the shank is not to be considered in analyzing infringement of claim 1 by the accused shoes.

Here, Lyons also respectfully disagrees with the Court and observes that the shank does not prevent the shoe from functioning as an athletic shoe, and further that the shank does not prevent the sole from flexing in the specific manner asserted by claim 1 of the '448 patent. When the sole is flexed as specified in claim 1, the fastener assembly is disengaged and allows removal of the cassette from the shoe. See, for example, the videotaped deposition of Dr. Priddy, where he flexes the shoe including the sole, and also the videotaped deposition of Levert Lyons, where he flexes the sole of the shoe using merely his thumb.

The only proper gauge for evaluating infringement of claim 1 are the properly construed words of claim 1, not the construction of the infringing articles. In view of the preceding, and considering the evidence of flexing the bottom sole, and reasonable inferences therefrom in the light most favorable to Lyons, it is plain that a jury can reasonably conclude that the cassette is removable from the accused shoes by flexing the bottom sole as specified in claim 1.

**(ii) "Removable By."** Both Dr. Priddy and Lyons have pointed out, repeatedly, that when the "bottom sole" of the accused Air Jordan XXI and XXII shoes is flexed, the fastener assembly is disengaged and allows removal of the cassette from the cavity. See, for example, (Dkt. 136, Opinion and Order, at 16.) Flexing the "bottom sole" is one way of allowing removal of the cassette, hence the claim limitation "removable by ...". Lyons is not required to disclose or claim every way that the cassette can be removed from the shoe, and plainly has not done so. Similarly, Lyons is not required to disprove Nike's complex explanations about how the sole flexes and when, or how the sole does not flex, how a user cannot use his thumb, or how the

shank makes flexing the sole more difficult than in other athletic shoes. These questions should be left to the jury.

**(iii) Evidence Construed in Favor of Lyons.** Both Dr. Priddy and Lyons have pointed out, and the record is replete with evidence, that when the "bottom sole" of the accused Air Jordan XXI and XXII shoes is flexed, the fastener assembly is disengaged and allows removal of the cassette from the cavity. See, for example, (Dkt. No. 136, Opinion and Order, at 16.) Lyons is not required to prove that the fastener assembly must remain engaged after the shoe is removed from the foot. The court, considering the evidence and all reasonable inferences construed in favor of Lyons, cannot avoid recognizing that evidence in the record is sufficient to support a reasonable assertion by the jury that one of skill in the art would equate flexing the bottom sole of the accused Air Jordan XXI and XXII with the flexing limitation of claim 1. Nike's complex theories do not "create" evidence that can avoid this most basic consideration when the evidence and inferences are construed in favor of Lyons.

**D. Removable Insole.** The Court disregards or discounts evidence, particularly the testimony of Dr. Priddy and the testimony of shoe designed Dwayne Edwards, that the insole is removable from the accused shoes. (Dky. No. 136, Opinion and Order, at 21.) The Court has taken the "removable insole" limitation out of context, and this is impermissible. Considering claim 1 in proper context, one cannot reasonably contend that the insoles are not at least partially removable from the accused Air Jordan XXI and XXII to allow removal and replacement of the pods. Here, the Court has taken the claim limitation out of context from the understanding of a person of skill in the art. This error is clear when one considers the testimony of shoe designer Dwayne Edwards, who observed that the insoles are removable. This is essential to expose the pods and thus allow removal of the pods from the shoe. Clearly, the Court also has discounted

and weighed the evidence, which is impermissible. When this evidence is considered in the view most favorable to Lyons, the same evidence is sufficient for a jury to reach a reasonable conclusion that one of skill in the art would equate the insoles of the Air Jordan XXI and XXII shoes with the claim limitation. In view of the preceding, the Court should deny summary judgment on the issue of removable insole.

## II. Nike's Motion for Award of Costs pursuant to Fed. R. Civ. P. 54(d)(1) Should Be Denied Because Nike is Not a Prevailing Party.

In the event that the Court does not reverse its' order granting summary judgment on non-infringement, the Court should not award costs against Lyons. Fed. R. Civ. P. 54(d)(1) provides that "[u]"nless a federal statute, these rules, or a court order provides otherwise, costs...should be allowed to the prevailing party." Nike is not the "prevailing party" within the meaning of this rule and therefore its demand for costs should be rejected. Even if Nike were the "prevailing party" (and the case law establishes that it plainly is not), an award of costs is discretionary with the Court, and the equities in this case strongly weigh against any such award in favor of Nike and against Levert Lyons.

In numerous patent cases, courts have held that when a patent is found to be valid and enforceable but not infringed, *neither* party is "prevailing" within the meaning of Rule 54(d)(1) and *neither* party is entitled to recover costs. See DENTSPLY Int'l, Inc. v. Hu-Friedy Mfg. Co., 2007 U.S. Dist. LEXIS 65554, at *1, *3-4 n.2 (M.D. Pa. 2007) ("neither party...is the "prevailing party" for purpose of taxation of costs" where "judgment was entered for defendant and against plaintiffs on plaintiffs' claim for patent infringement, and judgment was entered for plaintiffs and against defendant on defendant's counterclaim of patent invalidity"; defendant's request for costs denied); Lifescan Inc. v. Home Diagnostics, Inc., 2001 U.S. Dist. LEXIS 22311, at *6 (D. Del. 2001) ("neither party has prevailed because the accused product was found

not to infringe, and the patent was found to be valid and enforceable"; defendant's request for costs denied); Senior Techs., Inc. v. R.F. Techs., Inc., 190 F.R.D. 642, 642, 644 (D. Neb. 2000) ("neither party is a "prevailing party" for purpose of Fed. R. Civ. P. 54(d)(1)" where judgment "entered against Plaintiff, and in favor of Defendant, on Plaintiff's infringement claims" and "against Defendant, and in favor of Plaintiff, on Defendant's counterclaims" of invalidity and unenforceability; defendant's request for costs denied); B. Braun Med., Inc. v. Abbott Labs., 38 F. Supp. 2d 393, 395 (E.D. Pa.) (Both plaintiff and defendant "won and lost" where plaintiff "secured a declaration of validity of its patent" and defendant "secured a declaration that its products do not infringe"; defendant's request for cost denied), aff'd, 230 F.3d 1373 (Fed. Cir. 1999); Compro-Frink Co. v.Valk Mfg. Co., 595 F. Supp. 302, 304 (E.D. Pa. 1982) (where patent found to be valid but not infringed, "in practical effect, there was no prevailing party and no losing party. The litigation resulted in a tie. Neither is entitled to costs.")

In each of the foregoing patent cases, the court found *non*-infringement, yet nonetheless refused to award costs to the defendant, because the plaintiff patentee had succeeded in defeating all of the defendant's counterclaims of invalidity and/or unenforceability. Here, the Court on Nike's motion for summary judgment has found instead that Lyons has defeated both Nike's Affirmative Defense Count II of Invalidity of the '448 Patent, and Nike's Counterclaim Count I for "Declaration of Invalidity of the '448 Patent". (Dkt. No. 136, Summary Judgment Order, Conclusion, pp. 39, lines 5-6). The Court on summary judgment holds that Claims 1 and 3 of the '448 Patent are not invalid. In view of the preceding, Nike is not a prevailing party and should not be awarded costs.

## III. The Court's Denial of Defendant's Motion for Summary Judgment on Invalidity Requires a Dismissal of Nike's Invalidity Claim With Prejudice.

After finding Plaintiff's patent was not infringed, this Court denied Nike's motion for summary judgment as to invalidity. (Doc. 136, p. 39). While Nike has cited *Liquid Dynamics* for the proposition that the Court can dismiss the invalidity without prejudice, what the Federal Circuit more fully explained there was the rule that once a district court finds that a patent was not infringed, the court may exercise its discretion and dismiss without prejudice invalidity and unenforceability counterclaims *or* dispose of the counterclaims on the merits. *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1370-71 (Fed. Cir. 2004) (emphasis added); *Nystrom v. Trex Co., Inc.*, 339 F.3d 1347, 1350-51(Fed. Cir. 2003); *Phonometrics v. Northern Telecom, Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998); see also *Atlanta Attachment Co. v. Leffett & Platt, Inc.*, No. 1:05cv1071-ODE, 2007 WL 5011980 at 9-10 (N.D. Ga. Feb. 23, 2007) (Evans, J.). In the instant case, the Court reached the invalidity issue in the June 7th summary judgment order and denied Defendant's Motion. (Doc.136). Plaintiff, therefore, would urge the Court to give effect to its Order by dismissing Defendant's Invalidity claim ***with prejudice*** in its Final Judgment in this matter.

Dated: August 17, 2012

Respectfully submitted

*/s/ JOHN P. COWART*
Gordon T. Carey, Jr., OSB#771331
Gordon T. Carey, Jr., P.C.
1220 Southwest Morrison, Ste.815
Portland, OR 97205
Direct Dial: 503-222-1415
Facsimile: 503-222-1923
Email: gordon@gordoncarey.com

**Ethan L. Shaw** (*pro hac vice*)
Email: elshaw@moorelandrey.com
**John P. Cowart** (*pro hac vice*)
Email: jcowart@moorelandrey.com
**Moore Landrey, LLP**
1609 Shoal Creek Blvd., Ste. 100
Austin, TX 78701
Telephone: (512) 499-8900
Facsimile: (512) 320-8906

Attorneys for Plaintiff/Counter-Defendant,
Levert Lyons