IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEVERT LYONS,                                                    Civ. No. 3:09-cv-1183-AC

                    Plaintiff,                                OPINION AND
                                                          ORDER

         v.

NIKE, INC.,

                    Defendant.

_____

ACOSTA, Magistrate Judge:

*Introduction*

      Plaintiff Levert Lyons ("Lyons") sued defendant Nike, Inc. ("Nike") for infringement of

United States Patent No. 5,513,448 ("the '448 Patent"), issued to Lyons by the United States Patent

& Trademark Office in 1996. Nike responded with counterclaims seeking declaratory judgments

that the '448 Patent was invalid and that Nike had not infringed the '448 Patent. In a June 7, 2012,

order, the court granted Nike's motion for summary judgment on the issue of noninfringement and

denied its motion for summary judgment on the issue of invalidity. The court also denied as moot

OPINION AND ORDER                 1                         {KPR}

Lyons's motion for partial summary judgment that Nike willfully infringed the '448 Patent. Following the disposition on summary judgment, only Nike's counterclaim seeking a declaration of invalidity remains unresolved.

Nike moves for an order from this court dismissing its invalidity counterclaim without prejudice, and for an award of costs as the prevailing party under Federal Rule of Civil Procedure ("Rule") 54(d)(1). Lyons opposes this motion, instead seeking dismissal of the counterclaim with prejudice and a denial of Nike's request for costs. Lyons moves for reconsideration of the court's June 7, 2012, order pursuant to Rule 54(b).

I.      Motion for Reconsideration

Lyons seeks reconsideration of the court's summary judgment pursuant to Rule 54(b). The rule provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b) (2012). As such, Lyons asks the court to "revise" its interlocutory order consistent with the errors he alleges the court committed in its analysis.

The standard for reconsideration under this rule has not been authoritatively established, but as this court has done previously, it will adopt the standard set forth in *Motorola Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 583-86 (D. Az. 2003). *See Stockamp & Assocs. v. Accretive Health*, CV 04-1443-BR, 2005 U.S. Dist. LEXIS 43061, at *17-18 (D. Or. Feb. 18, 2005) ("In [*Motorola*], the court reviewed the local rules of those districts in the Ninth Circuit that had addressed the issue of reconsideration of interlocutory orders, and the court concluded the rules of the Central District of California 'capture the most common elements of the various local rules.'

This Court agrees and, like the court in *Motorola*, adopts the standards set forth in the local rules of the Central District of California for determining whether to grant a motion for reconsideration." (internal citations omitted)).

The court must, therefore, consider whether:

1. There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;

2. There are new material facts that happened after the Court's decision;

3. There has been a change in the law that was decided or enacted after the Court's decision; or

4. The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola*, 215 F.R.D. at 586. Such motions are generally "disfavored." *American Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 U.S. Dist. LEXIS 48195, at *6 (D. Or. July 14, 2006).

Lyons does not present differences in fact or law of which he was not apprised in the exercise of reasonable diligence at the time of the court's decision. Lyons does not contend that new material facts have arisen since the decision, or that there has been a change in the applicable law. Thus, Lyons must make a "convincing showing" that the court "failed to consider material facts" before it at the time of its decision. *Id*. Lyons has failed to do so.

Lyons argues that, with respect to the following claim language, the court erred in its analysis and disregarded evidence that created genuine issues of material fact: fastener assembly; positive interlock; flexing to disengage; removable by; and removable insole. Lyons's arguments are chiefly those advanced at summary judgment, which arguments the court analyzed and rejected. Lyons offers no reasons sufficient under the applicable standard to compel reconsideration of the

court's prior rulings on these issues. Thus, the court declines to revisit them.

Lyons argues, further, that the court failed to afford the testimony of Dr. Priddy and Lyons himself the favorable inferences a nonmovant is entitled to at summary judgment. The court, applying the standard set forth by the Federal Circuit, evaluated whether the expert testimony of Dr. Priddy and the testimony of Lyons himself had a sufficient factual foundation upon which to premise a genuine issue of material fact. The court determined that Dr. Priddy's conclusions, based exclusively on his experience with materials and common sense rather than testing or actual observation, was not supported by the requisite factual foundation and was merely speculative. For this reason, his testimony was insufficient to raise a genuine issue of material fact. Regarding the testimony of Lyons himself, the court concluded that Lyons was not an expert and so Lyons's observations, the observations of "the patentee, carry weight only to the extent that they are consistent with observable properties of the accused devices." (Opinion and Order (#136) at 10.) The court concluded that Lyons's testimony was inconsistent with the balance of the record evidence and, thus, gave it diminished weight.

In sum, Lyons has not met the standard for reconsideration under Rule 54(b) and the court denies the motion.

## II.    Dismissal of Invalidity Counterclaim

The parties dispute whether the remaining counterclaim of invalidity should be dismissed with or without prejudice. It is well established that "[a] district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion." *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361 (Fed. Cir. 2004) (citing *Nystrom v. TREX Co.*, 339 F.3d 1347,

1351 (Fed. Cir. 2003)).

Nike argues that where a patent is found not to be infringed, the court may decline to hear the invalidity counterclaim on the merits and dismiss it without prejudice. Lyons contends that the court's order denying summary judgment of invalidity amounts to a ruling on the merits and so dismissal should be with prejudice.

Lyons is incorrect as the court merely held that there were genuine issues of material fact regarding the validity of the patent and so summary judgment in favor of Nike could not be granted, and must be denied. Lyons did not move for summary judgment on the invalidity counterclaim and the court did not grant summary judgment in Lyons's favor. Thus, the extent of the court's ruling on invalidity is that genuine issues of material fact exist on the merits of the claim. As such, the court's choice remains to hear the claim or dismiss it without prejudice.

Neither party wishes to proceed to trial on the invalidity issue. As such, the court elects to dismiss the invalidity counterclaim without prejudice.

III.     Costs as Prevailing Party

Rule 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1) (2012). Where a party claims entitlement to costs, the court must first determine whether the party seeking costs is the prevailing party. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (citing *Farrar v. Hobby*, 506 U.S. 103 (1992)). Prevailing party status is evaluated under the law of the Federal Circuit. *Manildra*, 76 F.3d at 1182. "In determining whether a party is a prevailing party in patent litigation, we apply the general principle that to be a prevailing party, one must receive at least some relief on the merits, which alters . . . the

legal relationship of the parties." *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) (quoting *Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003) (internal quotation marks omitted)).  Such alteration must also be material and modify the parties' behavior such that the prevailing party receives a direct benefit.  *Shum v. Intel Corp.*, 629 F.3d 1360, 1368 (Fed. Cir. 2010) (citing *Manildra*, 76 F.3d at 1182)).  Furthermore, "[d]etermination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses."  *Brooks Furniture Manufacturing, Inc. v. Dutailier, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (citing *Texas State Teachers Assoc. v. Garland Independent School Dist.*, 489 U.S. 782, 789 (1989)).

A survey of these often-cited cases is instructive as to application of these basic principles.  In *Manildra*, Malindra sought declaratory judgment that Ogilvie's patents were invalid and Ogilvie counterclaimed that Malindra infringed its patents.[1]  Ultimately, the court ruled that the patents were invalid and that infringement had not occurred.  The Federal Circuit, on appeal, considered whether Malindra was the prevailing party.  It held that "as a matter of law, a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'"  76 F.3d at 1183.

In *Inland Steel*, Inland sued USX for patent infringement and USX asserted a counterclaim of invalidity.  Trial was held on the infringement issue and the jury found that USX had infringed.  In the meantime, USX sought reexamination of the patents by the PTO.  The PTO determined that Inland's patents were invalid and cancelled them.  Upon this determination, USX sought judgment from the district court on its invalidity counterclaim, as well as costs and attorney fees expended in

---

[1] The plaintiff also alleged claims arising under "the Lanham Act, Kansas common law, and federal antitrust laws."  76 F.3d at 1180.

the earlier proceedings. The district court denied the request for costs and fees on the ground that USX had prevailed before the PTO and not before the court. On appeal, however, the Federal Circuit reversed, noting that USX had achieved judgment of noninfringement by the district court, and that this amounted to relief on the merits that altered the legal relationship of the parties, rendering USX the prevailing party.

In *Brooks Furniture*, Brooks, responding to a cease and desist letter from Dutailier, filed a request for declaratory judgment of noninfringment and invalidity of Dutailier's patent, as well as unfair competition and false marking claims. Dutailier filed counterclaims for infringement and deceptive trade practices under state law. The district court granted summary judgment of noninfringement in Brooks's favor and the parties stipulated to dismissal of all other claims. The Federal Circuit, in evaluating Brooks's status as the prevailing party, determined that Brooks had succeeded in its initial aim, to preserve its ability to produce the allegedly-infringing product. "Thus when Brooks established its non-infringement of the Dutailier patent, it prevailed in the litigation. That other defenses, such as invalidity of the patent, were unsuccessful or withdrawn, does not change the outcome in Brooks' favor." 393 F.3d at 1381. Brooks was determined to be the prevailing party.

In *Shum*, Shum filed numerous claims against his former partner Verdiell and sought to be named as inventor or co-inventor of seven patents. Although he did not prevail on any of his claims for damages, Shum was added as co-inventor on five of the patents. Shum sought an award of costs, claiming that he was the prevailing party. The Federal Circuit affirmed the district court's conclusion that Verdiell was actually the prevailing party. It reasoned that the central issue in the case was the substantial damages sought by Shum arising from the sale of his former enterprise,

rather than the inventorship credit.  The appellate court affirmed the lower court, finding that "the declaration of co-inventorship did not give Shum any rights in the patented technology that he did not already have" under the terms of the partnerships dissolution agreement.  629 F.3d at 1369. Accordingly, Shum was not the prevailing party for purposes of an award of costs.

In *United Access Technologies, LLC v. Earthlink, Inc.*, Civil Action No. 02-272-MPT, 2012 WL 2175786, at *4 (D. Del. June 14, 2012), a case closely aligned with the posture of the present motion, the court considered whether a benefit derived where summary judgment of invalidity was denied.  There, the question of validity had been tried to a jury and the jury deemed the patent invalid.  Following trial, the patent holder challenged the jury's verdict and the court overturned the verdict of invalidity.  In evaluating prevailing-party status, the court considered whether, in vacating the jury's verdict of invalidity, it had issued a ruling that materially altered the relationship of the parties and also conferred a direct benefit on the patent holder.  The court stated:  "In finding the absence of substantial evidence to sustain the jury verdict on invalidity, this court did not determine the Patents were valid per se, but concluded that EarthLink failed to carry its burden to prove they were invalid."  *Id*.

The court observed that all patents carry the presumption of validity until adjudged otherwise.  Therefore, it reasoned, the patent enjoyed the same presumption of validity after the court vacated the jury verdict that it had enjoyed prior to the verdict and the original commencement of litigation.  Accordingly, the court concluded, the relationship between the parties had not changed in a manner that provided direct benefit to the patent holder.  The court also concluded that the jury's verdict of noninfringement, a verdict that was not vacated by the court, represented a material change in the parties' legal relationship and conferred a direct benefit on the defendant.  It wrote:

"When a finding of noninfringement occurs, the result is '[a] judicial declaration that one is free from another's right to exclude,' thereby 'alter[ing] the legal relationship between the parties.' The freedom to practice an invention without fear of suit . . . is a valuable commercial benefit." *Id.* (citing *Malindra*, 76 F.3d at 1183). As such, the patent holder whose patent was merely *not invalidated* received no benefit or positive alteration of its legal status and was thus not the prevailing party, whereas the party that was adjudged not to have infringed on the patent was the prevailing party.

The analysis is essentially the same in the present case. At summary judgment, the court ruled that the patent had not been infringed as a matter of law. It also ruled that genuine issues of material fact existed regarding invalidity. As a result, the legal relationship between the parties was altered in Nike's favor, and Nike received a direct benefit in that it is free from Lyons's right to exclude with respect to the '448 Patent. Lyons received no direct benefit from the ruling, however, and his legal relationship with Nike was altered to his detriment. Accordingly, Nike is the prevailing party and may, in the court's discretion, be entitled to costs arising from this lawsuit.

As Nike argues it its reply brief, the cases cited by Lyons on the prevailing party issue are neither binding on this court nor procedurally consistent with the facts of this case. In each of these cases, the patent's validity was affirmatively established by the court and so neither party was adjudged the prevailing party, or both parties were. *See Compro-Frink Co. v. Valk Manufacturing Co.*, 595 F. Supp. 302, 304 (E.D. Penn. 1982) ("In the context of this case, in practical effect, there was no prevailing party and no losing party."); *Senior Technologies, Inc. v. R.F. Technologies, Inc.*, 190 F.R.D. 642, 644 (D. Neb. 2000) (Where the relationship between the parties was not altered and neither party received a benefit, "neither party is a prevailing party for purposes of [Rule] 54(d)(1)."

(citation omitted));  *Lifescan, Inc. v. Home Diagnostics, Inc.*, Civil Action No. 95-597-JJF, 2001 U.S. Dist. LEXIS 22311, at *6 (D. Del. Oct. 30, 2001) ("Additionally, I conclude that the legal relationship between HDI and Lifescan has not been materially altered, and the judgment did not modify either party's future behavior to benefit the other party."); *Dentsply Int'l, Inc. v. Hu-Friedy Manufacturing, Co., Inc.*, Civil Action No. 1:04-CV-0348 (Judge Conner), 2007 U.S. Dist. LEXIS 65554, at *3 n.1 (M.D. Penn. Aug. 20, 2007) (declining to award costs where "both parties benefitted from the judgment and neither party established wrongdoing on the part of the opposing party."); *B. Braun Medical, Inc. v. Abbott Laboratories*, 35 F. Supp. 2d 393, (E.D. Penn. 1999) (no costs awarded where patent deemed valid and noninfringement declared).  These cases differ from the present case, wherein the court did not affirmatively establish the patent's validity, and do not alter the analysis above.

Having made the threshold determination that Nike is the prevailing party, the court must next decide whether, in its discretion, an award of costs is appropriate and in what amount.  *See Malindra*, 76 F.3d at 1183 ("As the Supreme Court noted in *Farrar*, even if a party satisfies the definition of prevailing party, the district court judge retains broad discretion as to how much to award, if anything." (citing *Farrar*, 506 U.S. at 115)).  In the initial motion, Nike summarily included a request that the court award costs to Nike, though this request was not elaborated on in Nike's memorandum.  In the memorandum associated with its cross-motion, Lyons argued that, even if Nike is the prevailing party, "an award of costs is discretionary with the Court, and the equities in this case strongly weigh against any such award in favor of Nike and against Levert Lyons." (Memorandum (#141) at 10.)  In response, Nike observed that there is a strong presumption in favor of awarding costs to a prevailing party, and that "[t]he burden is on the losing party to demonstrate

why the costs should not be awarded." *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1364 (Fed. Cir. 2011). Nike thereafter argued that Lyons had failed identify the equities that weigh in his favor and, therefore, could not demonstrate why costs should not be awarded to Nike.

In the court's view, the questions regarding discretion, the particular equities, and the amount of costs ultimately awarded or not awarded have not been addressed by the parties. Thus, the court's conclusion applies exclusively to Nike's status as a prevailing party.

### *Conclusion*

For the reasons above stated, Lyons's motion for reconsideration under Rule 54(b) and entry of final judgment with prejudice (#140) is denied; Nike's motion for dismissal (#137) without prejudice is granted; and Nike is hereby deemed the prevailing party for purposes of an award of costs under Rule 54(d)(1).

IT IS SO ORDERED.

DATED this 30th day of January, 2013.


                                                                /s/ John V. Acosta
                                                            JOHN V. ACOSTA
                                        United States Magistrate Judge